IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| FLOYD ENGLISH MCNEAL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 18-2456-SHM-tmp |
| | ) |
| KANSAS DEPT. OF REVENUE, | ) |
| (STATE OF KANSAS), TENNESSEE | ) |
| DEPARTMENT OF SAFETY & | ) |
| HOMESLAND SECURITY, and | ) |
| OFFICER WALLACE, | ) |
| | ) |
|     Defendants. | ) |

_____

**REPORT AND RECOMMENDATION**
_____

On July 5, 2018, *pro se* plaintiff Floyd English McNeal filed a complaint for violation of his civil rights under 42 U.S.C. § 1983. (ECF No. 1.) McNeal also filed a motion to proceed *in forma pauperis*, which the court granted on August 20, 2018. (ECF Nos. 2; 6.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the following reasons, the undersigned recommends that McNeal's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    PROPOSED FINDINGS OF FACT

McNeal alleges that on July 5, 2018, he "sought to have his driving privileges given to him and went to the TN Dept [sic] of Homeland Security[,]" where he applied for a driver license and informed the branch manager that his "license is suspended in the State of Kansas only for nonpayment of court fines and fees and cost[.]" (ECF No. 1 at 2-3.) On this basis, McNeal alleges that his driver license application was denied.[1] (Id.) McNeal alleges that he is now a resident of Tennessee, that he receives Social Security Income and Medicaid, and that he currently attends college. (Id. at 3.) McNeal alleges that "regardless of who suspended my license, it cannot be enforced against me in this state for failure to pay cost [sic] to the courts because I don't live any place besides here[.]" (Id. at 4.) McNeal further asserts that his due process rights were violated because he was not granted a hearing, and his equal protection rights were violated because he is similarly situated to the plaintiffs in a separate, recently-decided federal case, Robinson v. Purkey, No. 3:17-cv-01263 (M.D. Tenn. Sept. 13, 2017) (complaint). (Id.) McNeal names as defendants the Kansas

---

[1] In support of his complaint, McNeal attaches a copy of his application, which states that his Kansas driver's license was suspended for failure to pay court costs and expired in 1999. (ECF No. 1-1.)

- 2 -

Department of Revenue and State of Kansas, the Tennessee Department of Safety and Homeland Security, and Officer Wallace, the branch manager for the office where McNeal apparently sought to obtain his driver's license. (Id. at 3.)

## I.   PROPOSED CONCLUSIONS OF LAW

### A.  Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6).  "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).  Without factual allegations in support, mere

legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   Failure to State a Claim**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The Equal Protection Clause prohibits state actors from intentionally discriminating against individuals because of their membership in a protected class. Deleon v. Kalamazoo Cty. Road Comm'n, 739 F.3d 914, 918 (6th Cir. 2014). The constitutional guarantee of procedural due process prohibits the forfeiture of private property without first providing those with an interest in the property "a

- 4 -

hearing held at a reasonable time and in a meaningful manner" and notice given "in a manner reasonably calculated to notify all interested parties of the pending forfeiture of the property . . . ." Redd v. Tenn. Dep't of Safety, 895 S.W.2d 332, 334 (Tenn. 1995); see also Gardner v. Evans, 811 F.3d 843, 846 (6th Cir. 2016).

The factual allegations in McNeal's complaint are insufficient to state a plausible claim for relief under § 1983. McNeal does not allege that he is a member of a protected class, nor does he allege that he has been intentionally discriminated against. Thus, he has failed to state a claim for violation of his right to equal protection. See Deleon, 739 F.3d at 918.

McNeal has likewise failed to state claim for violation of his due process rights. McNeal alleges that "no Hearing [sic] was given to take into account his ability to pay[.]" (ECF No. 1 at 4.) However, McNeal's ability to pay is not at issue. He was apparently denied a Tennessee driver license because a previous out-of-state license was suspended and expired in 1999. McNeal does not explain how denying his application amounts to a due process violation, nor does he explain how the other "recent federal ruling" he cites applies to his situation. Further, even assuming that McNeal has a property interest in obtaining a Tennessee driver license, see generally Bell v. Burson, 402 U.S.

535, 539 (1971); Moody v. Mich. Gaming Control Bd., 790 F.3d 669, 677-78 (6th Cir. 2015), he has not alleged lack of notice. See Redd, 895 S.W.2d at 334.

### III. RECOMMENDATION

For the above reasons, it is recommended that plaintiff's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 20, 2018
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**